Filed 8/30/16  P. v. Salguero CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>WALTER RICARDO SALGUERO,<br><br>　　　　Defendant and Appellant. | H043227<br>(Santa Clara County<br>Super. Ct. No. C1493541) |

On May 27, 2015, pursuant to a negotiated disposition, defendant Walter Ricardo Salguero pleaded no contest to the charge of lewd acts on a seven-year-old child, his neighbor, by force, violence, duress, menace, or fear, in violation of Penal Code section 288, subdivision (b)(1).[1]  The conviction arose from defendant's visit to the home of the victim, Ellen Doe, where defendant was speaking with the child's father.[2]  At one point Ellen asked to go outside and ride her bike.  Defendant then left.  Ten to 15 minutes later Ellen returned and asked for a flashlight.  She told her father that defendant needed it because it was dark inside his apartment.  Ellen then told her father that defendant had hugged her and that he was lonely.  Ellen's father told her to stay inside.

The following day, Ellen's parents called the police to report the incident.  When interviewed, Ellen said that defendant had brought her into his apartment and it was dark

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] This factual summary is taken from the probation officer's report filed on October 30, 2015.

inside. Defendant sat her on his lap; he then hugged her tightly and moved her up and down against his body. Although her clothes were on, her underwear was slightly down. Defendant then sat Ellen on the edge of a table in the kitchen and leaned into her, again hugging and rubbing against her. Defendant did this for several minutes and Ellen became afraid. She told defendant that she had to leave and left his apartment. In a subsequent pretext call defendant denied any sexual contact with the victim, but he eventually admitted that he had hugged her with her buttocks touching his crotch. He was arrested shortly thereafter.

Defendant was charged by complaint with two counts of forcible lewd acts in violation of section 288, subdivision (b)(1) and one count alleging a lewd act under section 288, subdivision (a). He eventually agreed to a disposition calling for him to plead no contest to count 1 (violation of section 288, subdivision (b)(1)) in exchange for a mitigated sentence of five years. At the plea hearing both counsel stipulated to a factual basis for the plea. The trial court, after ascertaining that defendant understood the trial rights he was waiving and the consequences of his plea, accepted the plea.

Before sentencing defendant moved to appoint a new attorney under *People v. Marsden* (1970) 2 Cal.3d 118. At the September 10, 2015 hearing on the motion, however, defendant requested only that he receive a lighter sentence; he twice stated that he was comfortable with the representation he had been receiving from his attorney. The court asked counsel if there was a basis for a motion to withdraw the plea; counsel believed there was not. Defendant's motion was denied.

As called for in the plea agreement, the court sentenced defendant to the lower term of five years in prison for the count to which he had pleaded and advised defendant that his parole period would be 20 years 6 months. The court awarded credits for time served of 468 days, consisting of 407 actual days plus 61 days under section 2933.1. The court also imposed numerous fees and fines authorized by statute, as well as restitution of $76 to the victim's mother and $5,184 to the Victims Compensation Government Claims

2

Board.  Finally, the court prohibited defendant from visiting the victim and from knowingly possessing a firearm or ammunition.  The remaining two counts of the complaint were dismissed.

Defendant filed a notice of appeal from the judgment, stating that the appeal was based both on matters occurring after the plea and on the validity of the plea itself; he specifically identified the denial of his *Marsden* request as the basis of the appeal.  His initial request for a certificate of probable cause, filed before sentencing, had been denied; in this renewed request he asserted ineffective assistance of counsel in the plea negotiation process and sought to renew "assertions" made at the *Marsden* hearing.  This second request for a certificate of probable cause, which would have permitted him to renew a motion to withdraw his plea, was also denied.

Appointed appellate counsel has filed an opening brief that states the case and the facts but raises no issues.  Defendant was notified of his right to submit written argument on his own behalf but has not availed himself of the opportunity.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we have carefully reviewed the entire record and have concluded that there are no arguable issues on appeal.  Defendant's *Marsden* request, which defendant disavowed by representing that he was comfortable with his attorney's representation, was properly denied, and no other arguable issues are apparent on this record.

*Disposition*

The judgment is affirmed.

3

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.